FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 26 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Patrice Blackwell                                          Plaintiff

v.

Saline County Recovery, LLC d/b/a
Saline County Recovery Service;                 4:16cv292-sww
Terra Morris; Tami Dell; and John
Does I-X                                                    Defendants

Wright
Deere

**Complaint**   This case assigned to District Judge ___
and to Magistrate Judge ___

1.      This is an action for damages brought by Patrice Blackwell, an

individual consumer for Defendant Saline County Recovery, LLC d/b/a

Saline County Recovery Service's (Saline County Recovery), Terra Morris',

and Tami Dell's, violations of the Fair Debt Collection Practices Act

(FDCPA), 15 U.S.C. § 1692, *et seq.*, the Arkansas Fair Debt Collection

Practices Act (AFDCPA); Ark. Code Ann. § 17-24-501, *et seq.*, the Arkansas

Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101, *et seq.*

both of which prohibit debt collectors from engaging in abusive, deceptive,

and unfair practices. Patrice Blackwell also brings common law claims for

the invasions of Patrice Blackwell's personal privacy by these Defendants

and their illegal efforts to collect a consumer debt from her.

**Parties**

2.      Plaintiff Patrice Blackwell is a citizen of Pulaski County,

Arkansas, and was so at the time of the events establishing this Complaint.

Patrice Blackwell is is a "consumer" as defined by 15 U.S.C. § 1692a(3), Ark. Code Ann. § 17-24-502(2); and a "person" as defined by Ark. Code Ann. § 4-88-102(5).

3.     Saline County Recovery is a domestic limited liability company with its principal place of business at 4113 Alcoa Road, Benton, AR 72015. Saline County Recovery's registered agent for service of process is Terra Morris, 4113 Alcoa Road, Benton, AR 72015. The principal purpose of Saline County Recovery Service is the collection of debts using the mails and telephones. Saline County Recovery Service regularly attempts to collect debts alleged due from another.

4.     Terra Morris is the manager of Saline County Recovery, conducts business at 4113 Alcoa Road, is a citizen of Saline County, Arkansas, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A), and is a "person" as defined by Ark. Code Ann. § 4-88-102(5).

5.     Tammi Dell is an employee of Saline County Recovery, is a citizen of Saline County, Arkansas, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) Ark. Code Ann. § 17-24-502(5)(A), and is a "person" as defined by Ark. Code Ann. § 4-88-102(5).

6.     John Does I-X are employees of Saline County Recovery whose name is not known to Plaintiff, are all "debt collectors" as defined by 15 U.S.C. § 1692a(6) Ark. Code Ann. § 17-24-502(5)(A), and are all "persons" as defined by Ark. Code Ann. § 4-88-102(5).

**Jurisdiction and Venue**

7.     This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), because Patrice Blackwell's claims for violations of the FDCPA arises under the law of the United States. This Court has supplemental jurisdiction over Patrice Blackwell's remaining claims under 28 U.S.C. § 1367 because those claims are so related to her claims for violations of the FDCPA that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because all named Defendants are residents of Arkansas and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

**Factual Background**

9.     On or about February 25, 2016, Terra Morris left a voicemail on Patrice Blackwell's mobile phone and asked that Patrice Blackwell return her call. Terra Morris did not identify herself as a debt collector on this call or that she was the manager of a debt collection agency.

10.     Patrice Blackwell was at work when she heard the voicemail and returned Terra Morris' while in her work cubicle. On this call Terra Morris informed Patrice Blackwell that she was giving her a final opportunity to pay a bill or that litigation would be filed against her and that Saline County Recovery would obtain a judgment against her. Patrice Blackwell asked

Terra Morris what the bill was for. Terra Morris told Patrice Blackwell that the bill was from Dr. Ned Alley, DDS[1], a dentist in Little Rock, and that Dr. Alley's office had sent the bill to her agency for collection.[2] Patrice Blackwell told Terra Morris that she had never been treated by or received services form Dr. Alley. Terra Morris told Patrice Blackwell the bill was for services her stepson, Elijah Blackwell, received in 2014. Patrice Blackwell explained to Terra Morris that Elijah Blackwell was an adult at the time he received those services and that she had never signed anything taking responsibility for paying Elijah Blackwell's bills. Terra Morris told Patrice Blackwell that because she was the subscriber to the health insurance that insured Elijah Blackwell, that she was responsible for payment. Patrice Blackwell told Terra Morris that she had not been notified of this debt. Terra Morris told Patrice Blackwell that several letters had been sent in an effort to collect the debt from Patrice Blackwell to an address on Shirley Drive in Little Rock. Patrice Blackwell has never lived or received mail at an address on Shirley Drive in Little Rock, but Elijah Blackwell had lived at an address on Shirley Drive in Little Rock with his grandparents. Patrice Blackwell also asked Terra Morris how she had found out her phone number. Terra Morris told her an attorney had given her the phone number, but Terra Morris would not identify the attorney. Terra Morris instructed Patrice Blackwell to

---

[1] Dr. Alley's dental practice is organized as Ned E. Alley, DDS, PLLC.

[2] The bill allegedly incurred by Elijah Blackwell for dental services is a financial obligation primarily for personal, family, or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

contact Dr. Alley's office to resolve the issue because his office had sent the bill to her office for collections and that it was out of her hands. Patrice Blackwell's co-workers overhead parts of this call, and she was embarrassed that she had the call with Terra Morris while at work.

11.    On or about February 29, 2016, Patrice Blackwell called Dr. Alley's office, as Terra Morris instructed, and spoke to someone named Tabitha. Patrice Blackwell explained the situation to Tabitha, who stated that Dr. Alley's office was not responsible for trying to collect the bill. Tabitha told Patrice Blackwell that Saline County Recovery Service was responsible for the collection of the bill. Tabitha agreed with Patrice Blackwell was not responsible for Elijah Blackwell's bill with Dr. Alley and referred her back to Saline County Recovery Service.

12.    After the call with Tabitha, Patrice Blackwell called Saline County Recovery and spoke with Terra Morris. Terra Morris again told Patrice Blackwell that she would need to speak to Dr. Alley's office again and told her to ask for Kim, the office manager.

13.    A few days later, Patrice Blackwell called Dr. Alley's office and asked for Kim, the office manager. Kim blamed the debt collectors for trying to collect the debt and told Patrice Blackwell that she would call Terra Morris and call Patrice Blackwell after she and Terra had discussed the account.

14.    Kim called Patrice Blackwell again and explained that she had spoken with Terra Morris. Kim was rude to Patrice Blackwell and told her

that she and Terra Morris had decided that she would be responsible for payment and that they would continue to try and collect the bill from her. Patrice Blackwell explained to Kim that she had not guaranteed payment of Elijah Blackwell's bill, that she had not known that Elijah Blackwell had received dental services from Dr. Alley, and that just because Elijah Blackwell was insured under her health plan did not make her responsible for his bill. Kim told Patrice Blackwell that is was not fair for Dr. Alley to perform services and not get paid. Patrice Blackwell again explained that her adult stepson, Elijah Blackwell, was responsible for the bill.

15.   On or about April 8, 2016, Patrice Blackwell received a call from Miranda, an employee of Saline County Recovery. Miranda was rude to Patrice Blackwell. Miranda stated that she was doing Patrice Blackwell a favor by calling her and giving her one last opportunity to respond to letters and pay Dr. Alley's bill before filing a lawsuit against her. Patrice Blackwell responded that they were not doing her any favors, but were doing Dr. Alley a favor. Patrice Blackwell explained to Miranda that is was unfair for them to try collect her adult stepson's bill from her. Patrice Blackwell also told Miranda she was never notified of the bill before Dr. Alley turned the bill over for collections. Miranda told Patrice Blackwell that she was sent several letters to an address on Shirley Drive in Little Rock and that Patrice Blackwell had ignored those letters. Miranda also told Patrice Blackwell that she had signed something stating that she would be responsible for the for the bill. Patrice Blackwell once again explained that she had never lived nor

received mail at an address on Shirley Drive in Little Rock. Miranda told Patrice Blackwell that she knew that Patrice Blackwell had lived at that address at one time and asked for her current address. Patrice Blackwell told Miranda her current address of 804 Booker Street, Little Rock, AR 72205 and Patrice Blackwell requested that Miranda mail her a copy of what she had signed that made her responsible for Dr. Alley's bill. After Patrice Blackwell gave Miranda this information, Miranda hung up on her.

16.    After this phone call with Miranda, Patrice Blackwell filed a complaint through the with the Arkansas Attorney General's website for consumer protection.

17.    Later, Patrice Blackwell received a letter, dated April 8, 2016, addressed to her and Elijah Blackwell from Tami Dell at Saline County Recovery Service. The body of the letter states:

> Please be advised that the entire balance of your account must be paid within 15 days. Failure to comply will result in our immediately recommendation (sic.) that litigation will be filed against you.

> This is your final opportunity to contact us to avoid further legal action.

18.    On May 10, 2016, Terra Morris and Saline County Recovery responded to Patrice Blackwell's consumer complaint with the Arkansas Attorney General's Office. In that letter, they admitted that they had

---

, The letter is attached as Exhibit A.

, The response is attached as Exhibit B.

reported the account on Patrice Blackwell's credit report and then "corrected the credit report to reflect only [Elijah Blackwell's] responsibility in this account[.]"

19.   The above-described collection communications and conduct of Defendants and Saline County Recovery employees violated the FDCPA, the AFDCPA, the ADTPA, and invaded Patrice Blackwell's privacy and her right to be left alone.

20.   The above-detailed conduct by the defendants of harassing Patrice Blackwell in an effort to collect a debt upset her, caused her a great deal of stressed and tension, and affected her job. Her co-workers noticed that after the calls, Patrice Blackwell's demeanor and her co-workers made remarks like "Someone really got you upset." After these calls, Patrice Blackwell spend time doing research on the internet to make sure she was not responsible for Dr. Alley's bill and trying to determine whether she could really be sued over Dr. Alley's bill. Patrice Blackwell's mom was hospitalized in April 2016, and she was dealing with the Defendants' conduct and her mother's prolonged hospital stay at the same time. Defendants' conduct also affected Patrice Blackwell's family life, as she was forced to discuss her step-son's failure to pay his bills with her husband, Elijah Blackwell's biological father.

21.   Defendants' and other Saline County Recovery employees' abusive conduct and communications were the direct and proximate cause

of severe emotional distress of Patrice Blackwell and cause her unnecessary personal strain with family members and at her job.

## Respondeat Superior Liability

22.   The acts and omissions of these individual defendants, and other debt collectors employed by Saline County Recovery who communicated with Patrice Blackwell were committed within the time and space limits of their agency relationship with their principal Saline County Recovery.

23.   The acts and omissions by these individual defendants and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Saline County Recovery in collecting consumer debts.

24.   By committing these acts and omissions against Patrice Blackwell, these individual defendants and other debt collectors were motivated to benefit their principal, Saline County Recovery.

25.   Saline County Recovery is therefore liable to Patrice Blackwell through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions that violated federal and state law by its collection employees, including but not limited to violations of the FDCPA, the AFDCPA, that ADTPA, and Arkansas common law, in their attempts to collect a debt from Patrice Blackwell.

## Causes of Action

### *Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.*

26.     Patrice Blackwell re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

27.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following provisions:

    a.     The Defendants violated 15 U.S.C. § 1692e(11) because:

        i.     the first communication with Patrice Blackwell failed to contain the consumer warning "This is an attempt to collect a debt and any information obtained will be used for that purpose," and

        ii.     not all communications with Patrice Blackwell indicated they were from a debt collector.

    b.     The Defendants violated 15 U.S.C § 1692g because they failed to send Patrice Blackwell a validation notice within five days of the initial communication, either written or oral.

    c.     The Defendants violated 15 U.S.C. § 1692e(2) because their communications with Patrice Blackwell contained false impressions of the character, amount, or legal status of the alleged debt.

    d.     The Defendants violated 15 U.S.C. § 1692e(4) because the communications with Patrice Blackwell gave the impression that nonpayment of any debt would result in the seizure,

garnishment, attachment, or sale of any property or wages of Patrice Blackwell when such an action would not have been lawful and when the debt collectors or creditors did not intend to take such action.

e.  The Defendants violated 15 U.S.C. § 1692e(5) because their communications threatened to take an action that could not legally be taken or that was not intended to be taken.

f.  The Defendants violated 15 U.S.C. § 1692e(7) because the communications with Patrice Blackwell gave the impression that she committed conduct in order to disgrace her.

g.  The Defendants violated 15 U.S.C. § 1692e(8) because their communications to credit reporting bureaus credit information known or which should be known to be false, including that Patrice Blackwell disputed the debt at issue.

h.  The Defendants violated 15 U.S.C. § 1692e(14) because the communications contained a name other than the true name of the debt collectors' business.

i.  The Defendants violated 15 U.S.C. § 1692e preface and e(10) because they used false, deceptive or misleading representations or means in connection with the debt collection.

j.    The Defendants violated 15 U.S.C. § 1692f preface because they used unfair or unconscionable means to collect or attempt to collect the alleged debt.

k.    The Defendants violated 15 U.S.C. § 1692d(2) because they used profane language or other abusive language.

l.    The Defendants violated 15 U.S.C. § 1692d(5) because they caused the phone to ring or engaged Patrice Blackwell in telephone conversations repeatedly.

m.    The Defendants violated 15 U.S.C. § 1692d(6) because they placed telephone calls without disclosing their identities.

n.    The Defendants violated 15 U.S.C. § 1692d preface because they engaged in conduct the natural consequence of which was to harass, oppress, or abuse Patrice Blackwell in connection with the collection of the alleged debt.

28.    As a result of the above violations of the FDCPA, Defendants are liable to Patrice Blackwell for declaratory judgment that Defendants' conduct violated the FDCPA, Patrice Blackwell's actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable attorney fees under 15 U.S.C. § 1692k(a)(3).

### Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

29.    Patrice Blackwell re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

30.    Defendants violated the AFDCPA. Defendants' violations include, but are not limited to, the following provisions:

    a.    The Defendants violated Ark. Code Ann. § 17-24-506(b)(11) because:

        i.    the first communication with Patrice Blackwell failed to contain the consumer warning "This is an attempt to collect a debt and any information obtained will be used for that purpose," and

        ii.    not all communications with Patrice Blackwell indicated they were from a debt collector.

    b.    The Defendants violated Ark. Code Ann. § 17-24-508(a) because they failed to send Patrice Blackwell a validation notice within five days of the initial communication, either written or oral.

    c.    The Defendants violated Ark. Code Ann. § 17-24-506(b)(2)(A) because their communications with Patrice Blackwell contained false impressions of the character, amount, or legal status of the alleged debt.

    d.    The Defendants violated Ark. Code Ann. § 17-24-506(b)(4) because the communications with Patrice Blackwell gave the

impression that nonpayment of any debt would result in the seizure, garnishment, attachment, or sale of any property or wages of Patrice Blackwell when such an action would not have been lawful and when the debt collectors or creditors did not intend to take such action.

e.   The Defendants violated Ark. Code Ann. § 17-24-506(b)(4) because their communications threatened to take an action that could not legally be taken or that was not intended to be taken.

f.   The Defendants violated Ark. Code Ann. § 17-24-506(b)(7) because the communications with Patrice Blackwell gave the impression that she committed conduct in order to disgrace her.

g.   The Defendants violated Ark. Code Ann. § 17-24-506(b)(8) because their communications to credit reporting bureaus credit information known or which should be known to be false, including that Patrice Blackwell disputed the debt at issue.

h.   The Defendants violated Ark. Code Ann. § 17-24-506(b)(14) because the communications contained a name other than the true name of the debt collectors' business.

i.   The Defendants violated Ark. Code Ann. § 17-24-506(a) and (b)(10) because they used false, deceptive or misleading

representations or means in connection with the debt collection.

j.   The Defendants violated Ark. Code Ann. § 17-24-507(a) preface because they used unfair or unconscionable means to collect or attempt to collect the alleged debt.

k.   The Defendants violated Ark. Code Ann. § 17-24-505(b)(2) because they used profane language or other abusive language.

l.   The Defendants violated Ark. Code Ann. § 17-24-505(b)(5) because they caused the phone to ring or engaged Patrice Blackwell in telephone conversations repeatedly.

m.   The Defendants violated Ark. Code Ann. § 17-24-505(b)(6) because they placed telephone calls without disclosing their identities.

n.   The Defendants violated Ark. Code Ann. § 17-24-505(a) because they engaged in conduct the natural consequence of which was to harass, oppress, or abuse Patrice Blackwell in connection with the collection of the alleged debt.

31.   As a result of the above violations of the AFDCPA, Defendants are liable to Patrice Blackwell for declaratory judgment that Defendants' conduct violated the AFDCPA, Patrice Blackwell's actual damages under Ark. Code Ann. § 17-24-512(a)(1), statutory damages of $1,000 under Ark.

Code Ann. § 17-24-512(a)(2)(A), and costs and attorney fees under Ark. Code Ann. § 17-24-512(a)(3)(A).

### Count III – Violations of the ADTPA, Ark. Code Ann. § 4-88-101, et seq.

32.    Patrice Blackwell re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

33.    The ADTPA is designed to protect Arkansans from deceptive, unfair, and unconscionable trade practices. It is a remedial statute, which is to be construed broadly.

34.    All Defendants and Saline County Recovery employees are "persons" as defined in Ark. Code Ann. § 4-88-102(5).

35.    Defendants' and Saline County Recovery's employees conduct in described herein are deceptive and unconscionable trade practices made unlawful and prohibited by the ADTPA, including but not limited to engaging in unconscionable, false, or deceptive acts or practices in business, commerce, or trade under Ark. Code Ann. § 4-88-107(a)(10).

36.    Defendants' and Saline County Recovery's employees' conduct was willful and wanton.

37.    Patrice Blackwell suffered actual damages, including emotional distress, as a result of the violations of the ADTPA and may recover her actual damages and reasonable attorney's fees and costs under Ark. Code Ann. § 4-88-113(f).

### *Count IV – Invasion of Privacy by Intrusion Upon Seclusion*

38.   Patrice Blackwell re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

39.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a).

40.   Defendants and Saline County Recovery's employees intentionally and negligently intruded physically or otherwise upon Patrice Blackwell's solitude or seclusion and believed or was substantially certain that they lacked the necessary legal authority or personal permission, invitation, or valid consent to commit their intrusive acts.

41.   Defendants and Saline County Recovery's employees' intrusion was of a kind that would be highly offensive to a reasonable person, as a result of conduct to which a reasonable person would strongly object.

42.   Patrice Blackwell conduct herself in a manner consistent with an actual expectation of privacy.

43.   Defendants and Saline County Recovery's employees' intrusion proximately caused Patrice Blackwell's actual damages.

### Jury Demand

44.   Patrice Blackwell demands a jury trial.

## Prayer for Relief

Patrice Blackwell respectfully prays that judgment be entered against
Defendants for her actual damages, statutory damages, costs and reasonable
attorney fees, and for such other relief as may be just and proper.

Date: May 26, 2016.                    Respectfully submitted

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

Counsel for Plaintiff

Saline County Recovery Service
P. O. Box 1001
Alexander, AR 72002

Phone: 501-776-2626
Toll: 866-847-3690

April 8, 2016

Patrice Blackwell & Elijah Blackwell
804 Booker Street
Little Rock, AR 72205

```
CLIENT............: Dr. Ned E. Alley, DDS,
ACCOUNT NUMBER....: 37697
ACCOUNT BALANCE...: 229.32
CLIENT ACCOUNT#...: 1024300
```

Dear ,

Please be advised that the entire balance of your account must be paid
within 15 days.  Failure to comply will result in our immediately
recommendation that litigation be filed against you.

This is your final opportunity to contact us to avoid further
legal action.

Yours Truly,

Tami Dell
Collector

This is an attempt to collect a debt. Any information obtained
will be used for that purpose.
CS/10001

<div style="border:1px solid black;">
Exhibit A
</div>

# Saline County Recovery L.L.C

## Licensed & Bonded In Arkansas & Texas

May 10, 2016

Re: Complaint Case# 16-02686

Attn: Lio Garcia,

This response is in regards to the above case # 16-02686 submitted by Patrice Blackwell.

Patrice Blackwell was listed on an account placed in our office as the Guarantor, due to her carrying the Dental Insurance on a debt that we have in our office for collections. She has informed us that the is Patient is her Step Son Elijah Blackwell and that he was OF AGE at the time of service. The Account was turned over to us in her name due to her carrying the insurance.

We have made calls to her as well as Elijah to no avail. I have corrected the credit report to reflect only his responsibility in this account and the account has been closed and no further action with occur.

Our intentions are never to harass or impose on anyone, however, if a contact number is the only number we have, and has been given by our client, we will try to make contact.

Thanks for your help in the matter,

Terra Morris
501-315-0770
Fax# 501-776-2808

| Exhibit B |
| --- |



P.O. Box 1001 • Alexander, AR 72002 • (501) 776-2626 • 1-866-847-3690

# Verification

State of Arkansas   )
County of Pulaski   )

    Under 28 U.S.C. § 1746, Plaintiff Patrice Blackwell, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

    1.    I am the Plaintiff in this civil action.
    2.    I have read the foregoing Complaint prepared by my attorneys.
    3.    I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
    4.    I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
    5.    I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
    6.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
    7.    Each and every exhibit I provided to my attorneys attached to the Complaint is a true and correct copy of the original.
    8.    Except for any clearly indicated redactions made by my attorneys, I have not altered, changed, modified, or fabricated these exhibits.

    I declare under penalty of perjury that the foregoing is true and correct.

This 25 day of May, 2016.      _Patrice Blackwell_
                                     Patrice Blackwell